## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL SPECTOR | |
| Plaintiff, | |
| v. | C.A. NO. 3:02-CV-861 MRK |
| TRANS UNION LLC, and FIRST USA BANK, N.A. | DATED:        April 5, 2004 |
| Defendants. | |
| RACHEL SPECTOR | |
| Plaintiff, | |
| v. | C.A. NO. 3:03-CV-00251 MRK |
| TRANS UNION LLC | |
| Defendants. | |

### TRANS UNION'S REPLY TO PLAINTIFF'S OPPOSITION TO TRANS UNION'S THIRD MOTION TO COMPEL DEPOSITION OF PLAINTIFF, FOR SANCTIONS AND FOR APPOINTMENT OF SPECIAL MASTER

Trans Union's Motion to Compel and for Sanctions establishes that Plaintiff's counsel improperly rendered plaintiff's deposition a largely useless exercise by her disruptive and leading objections and even testimony in direct violation of Rule 30. Plaintiff's Opposition, devoid of a single citation to any legal authority, relies upon a mischaracterization of the record and Trans Union's arguments. The Opposition fails to contravene any of the material facts or arguments set forth in Trans Union's Motion. Accordingly, Trans Union's Motion should be granted.

### 1. Plaintiff Did Not Answer The Subject Questions.

Trans Union's Motion demonstrates that Plaintiff's counsel improperly prevented her from answering questions regarding her claim and all potential follow-up questions were effectively precluded. As a result of plaintiff's counsel's tactics, identifying specific examples of

areas not covered is very difficult. Indeed, the entire deposition process was profoundly subverted by the disruptions and improper conduct. With respect to the Chase transaction in particular, despite plaintiff's Opposition claims, the questions were not answered. (See Trans Union's Memorandum, pp. 7-8). Plaintiff's Opposition, p. 3, erroneously states that the questions were actually answered at deposition pages 34 and 35. Not surprisingly, the actual testimony is not quoted, the alleged "denial documents" not identified. This is so because neither page contains a word about the Chase **denial**; the sole testimony is plaintiff's acknowledgement that a Chase inquiry appears on her report. (See Exhibit "2" to Trans Union's Motion). (The foundation that an inquiry was made is not the point; Trans Union sought information about the transaction, alleged denial, and plaintiff's knowledge about such matters.) Plaintiff started to concede she had no clue about the actual events, but her counsel intervened. The fact that plaintiff had/has no knowledge respecting her alleged harm is the likely reason plaintiff's counsel objected so vigorously:

> Q.  Okay. Do you know what you applied for credit - - do you recall applying for credit with Chase Manhattan Bank?
>
> A.  No.
>
> Q.  Okay. This is the day after the car dealership, according to the inquiry there. Do you know if either you or your husband tried to get credit for the car with Chase Manhattan Bank?
>
> A.  I didn't handle – I don't handle financial issues. My husband does. (Spector Dep. p.35)

Plaintiff's disclosure that she has no knowledge of such financial matters cannot be reconciled with her instant distress claims, or her *written* discovery response she was denied credit by Chase. Because Trans Union was prevented from exploring that inconsistency, it was effectively precluded from preparing a defense to the claim and from following up regarding

2

plaintiff's related claims also allegedly connected to financial transactions about which she may, in reality, be ignorant. In this connection, plaintiff remarkably conceded she was not even aware that **two** lawsuits had been filed against Trans Union on her behalf:

> Q.     Ms. Spector, are you aware that you have filed two lawsuits against Trans Union?
>
> A.     **I am not sure.** (Dep. pp. 7)(emphasis supplied)

Plaintiff's ignorance of the litigation and the underlying transactions may explain, but by no means justifies, her counsel's disruptive conduct.

### 2. Plaintiff Fails to Justify The Improper Assertion of the Attorney Client Privilege.

Plaintiff's assertion that she answered Trans Union's questions regarding the dispute letter is misleading. At page 60, Trans Union's counsel began to explore why plaintiff's counsel wrote a letter to Trans Union disputing a tradeline which was **not** in plaintiff's report, and what, if anything, plaintiff knew about the disputed information at that time. As more fully set forth in Trans Union's Memorandum, plaintiff's counsel improperly asserted the privilege to the following question: "Did you see this [dispute] letter before March 4 or before it was sent to Trans Union?" (Dep. p. 62).   Plaintiff's Opposition erroneously claims, again without quotation, that the question was answered at page 62. (Opposition, p.3)

In fact, the question was not answered at page 62, and the record is perfectly clear on that point.  (See page 62, Exhibit "2").  Indeed, plaintiff's counsel did not allow plaintiff to even respond until page 71, after nine pages of attorney argument based upon plaintiff's counsel's unfounded "Get Faulkner" protests, absurd assertions that she is plaintiff's "agent" and leading suggestions about what plaintiff knew.  (See e.g pages 67; lines 3-4 and 69, lines 5-6).  The deferred response was understandably vague and confused:   "Well, there was frequent communication with my lawyer, so I would have to say yes."  (Dep. p. 71)   Because of the

3

unnecessary and improper and suggestive objections and privilege assertions, Trans Union was not able to explore what **plaintiff** knew, outside of what her attorney wanted (or suggested) her to say. As such, only a fresh and uninterrupted inquiry can cure the tainted deposition and allow for a fair exploration of the claims.

### 3. Plaintiff Failed to Support Her Improper Imposition of Limitations on Inquiries.

Plaintiff has failed to oppose and effectively conceded the impropriety of her attorney's imposition of limitations, including a sweeping objection barring inquiries into things which were or might have been asked in written discovery. (See Trans Union's Memorandum, p. 6-8) Accordingly, Trans Union's Motion should be granted.

### 4. Plaintiff's Assertion of a Vague "Stipulation" Fails.

Plaintiff's primary opposition assertion is that she was free from answering questions because counsel stipulated that no questions would be asked about plaintiff's answers in an earlier deposition. That "stipulation," to the extent it might have existed, immediately fell apart when the attorneys disagreed about the nature and content of the prior testimony. See Dep. 23-24. In any event, the sole issue which was arguably asked about in both depositions was the Best Buy transaction. Trans Union's counsel made clear that the earlier testimony about that application(s) was not understandable or comprehensive:

> Ms. Faulkner: This was covered in the previous transcript. Please go on to the next question.

> Mr. Creech: I don't think it was, Joanne, that's why I'm asking. If it was clear, I wouldn't be asking these questions. I don't understand what happened and I am trying to make it clear. (Dep. p. 26)

As more fully set forth in Trans Union's Memorandum, plaintiff's counsel is hardly in a position to argue over the content of the prior deposition, because she stated she did not read it.

4

(Memorandum, p. 3-4). In Opposition, plaintiff cites to an entirely unrelated comment and claims that the Court Reporter "obviously missed a few words here and there." See Opposition, p. 2. In fact, plaintiff's counsel twice stated she did not read the prior transcript:

> MS. FAULKNER: I believe that she had applied for another credit card through Best Buy but they would only give her the Best Buy card. **I am not sure because I haven't looked at the transcript, but isn't that what it says.** (Dep. p. 23-24, lines 24-25/1-4)

> MS. FAULKNER: As I recall the
> transcript, she didn't apply for a Best Buy card.
> She applied for some other card at Best Buy and
> then could only get a Best Buy card, **but I have
> not read the transcript, so I don't know.** But
> isn't that what you interpret it to be? (Dep. p. 24, lines 11-16)

> MR. CREECH: That's what I am trying to understand.

Plaintiff's counsel did not make the comment just once and the content of both statements make clear what she said. Far from questioning her integrity, Trans Union has taken her at her word, twice.

### 5. Plaintiff's Failed to Make a Good Faith Effort To Resolve the Dispute.

Plaintiff's protestations that Trans Union did not respond to her "pleas" for resolution are unfounded. First, plaintiff introduced her "pleas" by claiming she only made "pro forma" objections. Even a cursory review of the deposition makes clear that plaintiff's counsel's objections were well outside those allowed by the rules. In fact, in opposition to the instant motion, she failed to even attempt to justify or support her unilaterally imposed limitations respecting questions about written discovery and credibility issues. She has not and cannot explain her proclivity for suggestive and leading objections or outright testimony. As for her demand that Trans Union identify areas which were not covered, plaintiff fails to recognize her counsel's inappropriate conduct prevented the conduct of discovery. As such, Trans Union is

prevented from knowing what might have been disclosed by routine deposition questions, answers and follow-up inquiries. In the face of the egregious nature of the conduct, and the unreasonable response to Trans Union's resolution efforts, plaintiff's assertions are unfounded and misplaced.

**CONCLUSION**

For all the above reasons and authorities, Trans Union respectfully requests this Court order that plaintiff's be re-deposed, plaintiff to pay the costs of a special master at such deposition, and that the Court enter sanctions against Plaintiff and/or her counsel including attorneys fees incurred by Trans Union in the filing of this motion.

Respectfully Submitted,

BRUCE S. LUCKMAN (ct 10830)
TIMOTHY P. CREECH (*PHV*)ct24399
SATZBERG, TRICHON,
  KOGAN & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
(215) 575-7600; Fax: (215) 575-7688
email: bluckman@mstkw.com

*Local Counsel:*

Ira W. Bloom, Esq. (ct 07629)
WAKE, SEE, DIMES & BRYNICZKA
27 Imperial Ave., P.O. Box 777
Westport, CT 06881-0777
(203) 227-9545; Fax: (203) 226-1641
email: ibloom@wsdb.com

*Counsel for Defendant,*
*Trans Union LLC*

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RACHEL SPECTOR<br><br>                    Plaintiff,<br><br>        v.<br><br>TRANS UNION LLC, and<br>FIRST USA BANK, N.A.<br><br>                    Defendants. | C.A. NO. 302-CV-861 MRK |
| RACHEL SPECTOR<br><br>                    Plaintiff,<br><br>        v.<br><br>TRANS UNION LLC<br><br>                    Defendants. | C.A. NO. 3:03-CV-00251 MRK |

## CERTIFICATE OF SERVICE

Bruce S. Luckman, Esq., hereby certifies that he caused a true and correct copy of the foregoing Trans Union's Reply to Plaintiff's Opposition to Trans Union's Third Motion to Compel Deposition of Plaintiff, for Sanctions and for Appointment of Special Master to be sent on this date, *via* First Class Mail, to the following:

Joanne S. Faulkner, Esq.
123 Avon St.
New Haven, CT 06511-2422
(203) 772-0395

*Counsel for Plaintiff*

BRUCE S. LUCKMAN (ct 10830)

DATED:        April 5, 2004