UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RACHEL SPECTOR, | : |
| Plaintiff, | : |
| v. | : No.  3:02cv861 (MRK) |
| TRANS UNION LLC | : |
| FIRST USA BANK, N.A. | : |
| Defendant. | : |

# ORDER

The parties having participated in an on-the-record telephonic conference with the Court on April 14, 2004 regarding Defendant's Third Motion to Compel Deposition of Plaintiff, for Sanctions and for Appointment of Special Master [doc. # 123], the Court enters the following orders:

1.      Defendant's Motion [doc. # 123] is DENIED for the reasons stated on the record during the telephonic conference, subject to the following: (a) the cautionary instructions provided by the Court to both counsel during the conference about what the Court regards as proper conduct by counsel during depositions; and (b) plaintiff appearing for further deposition questioning in both this case and in Spector v. Trans Union, 02cv00251, which deposition shall be conducted and completed at a maximum of two 2 ½  hour sessions to be scheduled at a mutually convenient time.

2.      All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules.  Before filing any motion relating to discovery, the parties are required to jointly

confer with the Court by telephone, 203-773-2022 and to follow the attached Instructions Regarding Telephonic Discovery Conferences Before Honorable Mark R. Kravitz (rev. 1/04).

IT IS SO ORDERED,

/s/   Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: April 14, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**INSTRUCTIONS REGARDING TELEPHONIC DISCOVERY
CONFERENCES BEFORE HONORABLE MARK R. KRAVITZ (rev. 1/04)**

The standard scheduling order that Judge Kravitz enters in cases before him provides as follows: "All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules.  Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022."

Parties seeking to confer with Judge Kravitz telephonically regarding discovery disputes must comply with the following requirements:

1. Counsel for parties to discovery disputes must jointly contact Judge Kravitz's Chambers to set up a date and time for the telephonic conference.  Except in extraordinary circumstances, Chambers staff will not entertain a request to schedule a telephonic conference unless counsel for all parties to the discovery dispute are on the telephone when the request is made to Chambers so that a date and time for the conference can be selected at that time.

2. Before contacting Chambers to schedule a telephonic discovery conference, counsel for parties to any discovery dispute are required by Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 37(a)(2) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy.  All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Judge Kravitz interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations.  At the outset of the telephonic discovery conference, Judge Kravitz will require counsel for each party to the discovery dispute to certify orally that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.

3. Before seeking a telephonic discovery conference, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge Kravitz and

       inform Chambers of those issues at the time the telephonic conference is scheduled.  If the parties cannot in good faith agree upon the issues to be raised with Judge Kravitz, they shall so notify Chambers when they request a telephonic discovery conference.

4. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the " discovery request"), counsel for the party who served the discovery request at issue will, immediately following the telephone call requesting the conference,  provide Chambers via facsimile with a copy of the particular discovery request at issue and the opposing party's written response to that particular request.   Judge Kravitz does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue.  Before faxing a copy of the disputed request(s) and response(s) to Judge Kravitz, counsel for the party seeking to fax the disputed request must inform Chambers of counsel's intent to fax Judge Kravitz a copy of the disputed request.

5. Other than the request at issue, Judge Kravitz does not require, and does not want, counsel for the parties to provide him with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute.   If Judge Kravitz requires briefs or other papers, he will establish a briefing schedule during the telephonic discovery conference.

6. Counsel should agree in advance on which party will be responsible for instituting the telephonic discovery conference.  Counsel should not contact Judge Kravitz's Chambers until counsel for all parties to the discovery dispute are on the telephone.  Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.